{¶ 60} I fully concur in the majority's analysis and disposition of appellant's second assignment of error. I further concur in the majority's analysis and disposition of appellant's first assignment of error with respect to the trial court's imposition of consecutive sentences. However, I respectfully dissent from the majority's disposition of appellant's first assignment of error with respect to the trial court's decision to sentence appellant to more than the non-minimum prison term based upon the authority of Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403.
 {¶ 61} Under Ohio's sentencing scheme, prison terms are determined by the felony degree of the charged offense. For example, R.C. 2929.14(A)(4) allows a trial court to impose a prison term for a fourth-degree felony of six (6) to eighteen (18) months. Despite this range of sentences from which a trial court may choose, the Ohio legislature further limited the sentencing court's discretion in selecting an appropriate prison term. One such limitation is found in R.C. 2929.14(B), which provides, "the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section" unless the offender has previously served a prison term or the trial court finds the shortest prison term "will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender." R.C.2929.14 (B)(1) and (2). A plain reading of this statute indicates R.C. 2929.14(B) entitles an offender, who has not previously served a prison term, to a presumption the imposition of the minimum term is sufficient. See, State v. Edmonson,86 Ohio St.3d 324, 326, 1999-Ohio-110. Thus, before imposing a term greater than the minimum, the sentencing court must make an additional finding under R.C. 2929.14(B)(2). "Under R.C. 2929.14
(B), the only prison term a sentencing court can impose on an offender who has not previously served a prison term, without making additional findings, is the minimum prison term allowed by law for the offense." Montgomery, supra at 756. In other words, "the statutory maximum for an offender who has not previously served a prison term is the minimum prison term allowed by law for the offense." Id at 757.
 {¶ 62} Appellant was convicted of grand theft, a fourth-degree felony, which carries a penalty of six (6) to eighteen (18) months imprisonment. R.C. 2929.14(A)(4). The trial court sentenced appellant to 17 months after making the factual findings a prison term was necessary to punish appellant and to protect the public. Because the court made these additional findings at the sentencing hearing, after appellant's plea had been accepted, and appellant had not admitted to those findings nor had a jury made such findings, I find the trial court's imposition of a non-minimum prison term violated appellant'sSixth Amendment rights pursuant to Blakely. Id. at 758.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs to appellant.